[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Statement of the Case
This case arises out of minor motor vehicle contact between a taxi cab CT Page 3095 and a New Haven police vehicle.
On April 18, 1999 at about 5:30 a.m., the plaintiff was a passenger in a cab which had come to a stop at a traffic light controlling traffic at Crown and Park Streets in New Haven.
According to the operator of the cab, the police vehicle "tapped" the cab. The police officer operating that vehicle concurred. The plaintiff did not indicate he was injured at that time. There was no damage to either vehicle.
The plaintiff first sought medical treatment on April 22, 1999 and next visited a physician on May 5, 1999.
The defendants admit the physical contact between the vehicles but deny the plaintiff was injured or that there was proximate cause between the episode and the alleged injury.
 Discussion
In their spirited defense, the defendants have raised several questions relating to the plaintiff's credibility.
First, they point out that the cab driver, a neutral party, confirms the minor nature of the impact and relates the plaintiff's failure to complain of injury on the scene. Though he testified that he was in pain and sought treatment the next day, the record indicates he went to the emergency room on April 22, 1999.
Defense counsel elicited from the plaintiff the claim that he was in such pain that he had to stop working. The plaintiff's employment history contradicts that claim and does not support any claim for lost wages immediately after the episode. Yet, the plaintiff made such a claim, though it was withdrawn during trial.
The plaintiff didn't recall whether he took the medication prescribed at the emergency room, nor what was done there. He then waited until May 5, 1999 to visit a private physician who proceeded to treat him on an intensive basis, at one point for three consecutive days. There is no mention in the doctor's report as to what necessitated this concentrated physiotherapy on June 28 — 30 for an injury that was now over 60 days old.
The report is also silent about the report of the radiologist who found no abnormalities of the plaintiff's lumbar spine, but did find degenerative changes in the cervical area at C4-5 and C5-6. This is CT Page 3096 interesting in that the plaintiff's complaints included headaches and "pain with associated stiffness and discomfort about the neck, shoulders, and low back." The report notes spasm and tenderness "about the paracervical and trapezius musculature."
There is no mention of the x-rays taken at the emergency room on April 22, 1999.
Defense counsel also elicited, contradictory responses as to the reason for the plaintiff's "loss to treatment and scheduled followup."
Finally, the defendants called an employee of the Department of Corrections who described the plaintiff's present employment in a voluntary work program at his place of confinement. That testimony would negate any claim that the plaintiff is disabled or will require further medical attention.
 Conclusion
It is the conclusion of the court that the plaintiff has not sustained his burden of proof in this case. The court does not find that he suffered the injuries complained of in this extremely minor accident, nor is their proximate cause between the episode and his complaints.
While the plaintiff may have experienced pain from his cervical disc problems, that did not have its origin in the April 18, 1999 episode.
Judgment may enter for the defendants.
AnthoNY V. DeMayo Judge Trial Referee